# United States District Court
## for the Eastern District of Virginia
### Norfolk Division

Joelle Angel et.al.:
Dana Bassett, Jeffrey Bassett, Rozelynd Bright, Cynthia Parker, Kristina Vinson, Samuel Ward & Michael Williams,

Counter-claim Plaintiffs (Pro Se)
(Individually & Collectively)

V.

Charlestowne Condo Association, Inc.,
Atlantic Community Management, Corp.,
AMAG, LLC      and
Smink, Thomas & Associates, P.C., d/b/a
    Thomas, Adams & Associates, P.C.
Defendants.
(Individually & Collectively)

Case No.   **2:24 cv 54**

FILED
APR 8 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

28 USC §§ 1331; 1441(a); 1453(b) & 1446.

Federal Trade Commission Act [15 USC §§ 41-58]

Fair Debt Collection Practices Act [15 USC § 1692 et. seq.]

Class Action (28 USC § 1711) F.R.Civ.P 23 & 81(c)

Jury Trial demanded.

## Plaintiffs' REPLY to:
### "Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings & Motion to Vacate State-court Judgment."
### AFFIDAVIT

Now come the [pro se] counter-claim Plaintiffs, pursuant to United States law and the Federal Rules, moving this Court to:   • deny and • strike "*Defendants*' instant *Opposition* …"
• vacate State-court judgment, and   • enter judgment on the pleadings,
• order sanctions against the following Defense Counsel and law firms:

| | | |
|---|---|---|
| Michael J. **Smith** | (VSB I.D. # 75451) | Kiernan Trebach, LLP. (D.C. Corp. File # 210384) |
| Rodney D. **Malouf** | (VSB I.D. # 37718) | Smink, Thomas & Associates, P.C. d/b/a Thomas, Adams & Associates, P.C. (VSB Entity Reg. # 81462) |
| David **Dayton** | (VSB I.D. # 31177) | Kalbaugh, Pfund & Messersmith, P.C. (VSB Entity Reg. # 80396) |
| William **Sleeth**, III  & Matthew D. **Meadows** (VSB I.D. # 77327)  (VSB I.D. # 98305) | | Gordon Rees Scully Mansukhani, LP. (VSB Entity Reg. # 98253) |
| Michael D. **Pierce**  & Katherine M. **Rockwell** (VSB I.D. # 89768)  (VSB I.D. # 93733) | | O'Hagan Meyer, PLLC (VSB Entity Reg. # 96948) |

for blatantly and constantly lying to a United States Court and obstructing [pro se] justice – to provoke this Court to "*remand to State Court*" (in error) the counter-claim Plaintiffs' class action.

Via their instant "*Opposition …*," random (arbitrary and capricious) incomplete Exhibits, and failing to prove their own lies, Defendants have **admitted** the following:

## Controlling Facts

1. As of April 8, 2024 (date of this filing), the [pro se] Plaintiffs have Not received the [106-page] 'Motion to Remand' that Def. Counsel (Michael J. Smith) "*certified*" was mailed via "*USPS*" on Feb. 1, 2024, because intentionally he did not mail it and offered no proof that he did.

2. Pursuant to Rule 12, Defendants' 106-page 'Motion' included 98 "*redundant*" pages of Exhibits — "**insufficient defense** — *redundant, immaterial, impertinent,* [and] *scandalous matter.*"

    The 98 pages were actually copies of pleadings that the counter-claim Plaintiffs filed in State-court and accordingly filed with our "Notice of Removal." This violation alone authorizes the Court to order their '*Motion to Remand*' stricken, as *redundant, immaterial, impertinent, scandalous matter.*

1

3. Notwithstanding, the [pro se] counter-claim Plaintiffs received Defendants' 1st *'Opposition'* on the day <u>before</u> our Reply was due to be filed — March 4, 2024 (after 6:00 pm.): Clearly, Atty. Smith did <u>not</u> mail his 1st 'Opposition' on Feb. 28, 2024, as he falsely "certified" to this Court that he did.

4. Notwithstanding, the [pro se] Plaintiffs received Defendants' 2nd *'Opposition'* only <u>two</u> (2) <u>days</u> <u>before</u> our Reply was due to be filed — March 16, 2024 (after 6:00 pm.), and Some counter-claim Plaintiffs did <u>not</u> receive it: Clearly, Atty. Smith did not mail the 2nd 'Opposition' on March 12, 2024, as he falsely "certified" to this Court that he did.

5. Notwithstanding, [pro se] Plaintiff Angel did <u>not</u> receive Defendants' instant 3rd *'Opposition'* in the mail because <u>intentionally</u> Counsel did <u>not</u> mail it and offers no proof that she did.

**<u>Controlling</u> Premise(s)**

1. Intentionally to obstruct justice, Def. Counsel refused to mail the [106-page] *redundant* 'Motion to Remand' [signed or unsigned] to the [pro se] Plaintiffs, as he falsely *"certified"* on Feb. 1, 2024.

2. Deceptively, defense counsel falsified multiple 'certificate(s) of service.' Moreover, individually and collectively, they falsely represented and devised *scandalous matter* against the counter-claim Plaintiffs. Thereby, defense counsel violated 28 USC § 1927 Counsel's Liability for Excessive Costs and the Local and Federal Rules.

> **28 USC § 1927**
> **Counsel's Liability for Excessive Costs.**
> Any **attorney** or other person admitted to conduct cases in any court of the United States or any Territory thereof who so **multiples the proceedings in any case unreasonably and vexatiously may be required** by the Court to **satisfy** personally the **excess costs, expenses, and attorney's fees reasonably incurred because of such conduct**

3. All defense counsel instigated and participated with a State-court judge to violate United States law by <u>continuing</u> to conduct 'proceedings' in the 'removed' cases (on Feb. 12 & 20, 2024), <u>after</u> receiving 'Notice of Removal' (filed on Jan. 18, 2024).

4. Moreover, All defense counsel injured the [pro se] counter-claim Plaintiffs (on Feb. 20, 2024), by [illegally] instigating and participating with a State-court Judge to enter 'default judgments' against the Plaintiffs and unjustly award the four (4) *original plaintiffs* (counterclaim defendants) $ 20,564.59 from each [pro se] Plaintiff. Thereby, defense counsel violated 28 USC § 1446 Procedure for Removal of Civil Actions and the Local and Federal Rules.

> **28 USC § 1446**
> **Procedure for Removal of Civil Actions**
> (d) **Notice to Adverse Parties and State Court.**
>   Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the **State court shall proceed no further** unless and until the case is remanded.

> **Local Rules for the … Eastern District of Virginia**
> **Rule 7:** Pleadings – Motions … Orders
> (K.) **Motions against Pro Se Parties**: It shall be the **obligation of counsel** … who files <u>any</u> … motion …:
> (1.) The pro se party is **entitled to file a response opposing the motion** ….
> (2.) **Court could dismiss** the action on the basis of the moving party's papers **if *pro se* party does not file a response**;

**Federal Rule 5:  Serving & Filing Pleadings  & Other Papers**

(a.) **Service:  When Required**.
   (1.) *In General*.  Unless these rules provide otherwise, each of the following papers **must** be **served** on **every** **party**:
     (B)  a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) **because** there are **numerous defendants**;
     (D) a **written motion**, …

(b.) **Service:  How Made**.
   (2.) *Service in General*.  A paper is served under this rule by:
     (C.)  **mailing it to the person's** last known **address**—in which event **service is complete upon mailing**;

(c.) **Serving Numerous Defendants**:
   (1.) *In General*.  If an action involves an unusually large number of defendants, the **Court may**, on motion or on its own, **order that:**
     (A) defendants' pleadings and replies to them need not be served on other defendants';
   (2.) *Notifying Parties*.  A **copy** of **every** such order **must be served on the parties** as the **Court directs.**

---

**Federal Rule 11:  Signing Pleadings, Motions, and Other Papers;
Representations to the Court; Sanctions**

(a) **Signature.**
Every **pleading**, written motion, and other paper **must be signed by** at least one **attorney** of record in the attorney's name—or by a party personally if the party is unrepresented.  …  The **court must strike** an **unsigned paper** unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) **Representations to the Court.**
By presenting to the court a pleading, written motion, or other paper (whether by signing, filing, submitting, or later advocating) … an **attorney** or unrepresented party **certifies** that to the best of the person's knowledge, **information**, and belief, formed after an inquiry reasonable under the circumstances**:**
  (1) it **is not being presented for any improper purpose**, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
  (2) the **claims**, defenses, **and** other **legal contentions** are **warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversal of existing law or the establishment of new law;
  (3) the … **factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
  (4) the **denials of factual contentions** are **warranted on** the **evidence** or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) **Sanctions.**
If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the **court may** … **impose** an appropriate **sanction** **upon the attorneys**, **law firm**, or parties **that violated subdivision (b) ...**
  (1) *How Initiated*.
  (A) By *Motion*.
A motion for sanctions must be made separately from any other motion and must **describe the specific conduct that** allegedly **violates** Rule 11(b).  The motion must be served under Rule 5 …  If warranted, the **court may award to the prevailing party the reasonable expenses**, including attorney's fees, incurred … for the motion. Absent exceptional circumstances, a **law firm must be held jointly responsible for a violation committed by** its partner, associate, or **employee.**
  (B) *On the Court's Initiative*.
On its own, the **court may order an attorney, law firm, or party to show cause** why conduct specifically described in the order has not violated Rule 11(b).
  (2) *Nature of a Sanction*.
A **sanction imposed** under this rule must be **limited** to what suffices **to deter repetition of the conduct** or comparable conduct by others similarly situated.  …  The sanction may … include nonmonetary directives; an order to **pay a penalty into court**; or, if imposed on motion and warranted **for effective deterrence**, an **order** directing **payment to the movant** … of some … other expenses incurred …
   (A) The **court must not impose a monetary sanction against a represented party** for violating Rule 11(b)(2);
  (3) *Order*.  Order imposing sanctions must **describe the conduct** that constitutes a violation … and **explain  the basis**  for the sanction imposed.

> **Federal Rule 12:** Defenses and Objections -- … -- By Pleading or Motion …
> (c) **Motion for Judgment of the Pleadings**. After pleadings are closed … , a party my move for judgment on the pleadings.
> (f) **Motion to Strike**. …, the court may order <u>stricken</u> from any pleading any **insufficient** defense or any redundant, **immaterial**, **impertinent**, or **scandalous** (irrelevant & abusive of opposing party) **matter**.

### Standards for Review:
**[All Exhibits by Reference only]**

The [pro se] Plaintiffs veraciously support our 'Reply' to *Defendants'* instant '*Opposition …*' with the following standards -- refuting the myriad, blatant fabrications of Defense Counsel -- per paragraph:  [Exhibits F - H: proffered by reference only.]

I. **Defendants' "*Opposition …*"   (p. 1) -- Refuted:**
   Pursuant to Rule 12 (f), by presenting their "*Scandalous matter*" under cover of '*Motion*(s) *to Remand*,' Defense Counsel have "*taken shots at* [their own] *integrity*" & "*defamed*" [themselves] – displayed [their own] deceit.  They "*shot* [their own] *integrity*" with the [illegal] gun of 'obstruction of justice!!!':'

   A. With the ultimate goal of obstructing the [pro se] Plaintiffs' justice, all seven (7) defense counsels have repeatedly presented:

   "*insufficient defense* — redundant, immaterial, impertinent, [and] **scandalous matter**:"

   They repeatedly falsely-certified that they postal-mailed a 106-page, redundant 'motion to remand' to your counter-claim Plaintiffs, when in fact they did <u>not</u>, and offered no proof that they did.  Essentially, it is virtually impossible that the United States Postal Service failed to deliver and/ or lost six [106-page] packages alleged to be mailed on Feb. 1, 2024.  That claim is an indictment against a United States agency!

   B. Defense Counsel repeatedly lied to this Court that the [pro se] counter-claim Plaintiffs were <u>not</u> the *original defendants*, when in fact they <u>knew</u> that we were <u>and</u> still are.

   C. Feb. 20, 2024—Evidenced by State-court records, Defense Counsel instigated and participated with a State-court judge to conduct [illegal] "*contested hearings*" and [illegally] entered "<u>default</u> <u>judgments</u>" against the *original defendants*, <u>after</u> 'Notice of Removal' was filed in Portsmouth Gen. Dist. Court (on Jan. 22, 2024).

   D. Concurrently, Defense Counsel [illegally] persuaded the State-court Judge to award the four (4) *original plaintiffs* (counterclaim defendants) $ 20,564.59 from each [pro se] Plaintiff.

   E. Relentlessly, Defense Counsel are conducting aggressive campaign(s) to deter (destroy) this Court's adherence and commitment to "*equal justice under the law*" – to relegate this Court to the same bias mindset and unjust determination of their preferred State-court Judge.

   F. **Defendants' "*Opposition …*"   (p. 1) -- Refuted:**
   The [pro se] counter-claim Plaintiffs' 2nd 'Motion for Sanctions' is legally justified by United States law and the Federal Rules of Civil Procedure.  Thus, this Court must deny a frivolous and unlawful "request to deny / dismiss" our "Motion(s) for Sanctions" justified by faulty reasoning.

   G. **Suspected use of "*Artificial-intelligence Technology*" by Defense Counsel:**
   It appears that Defense Counsel **might** be using "artificial-intelligence technology" that "*hallucinates*" [1]  case law information, to justify their false claims.  In Counsels' Feb. 20, 2024 "*Reply Brief in Support of Defendants' Motion to Remand*  (pp. 2-3) – Document # 14," the cited court decisions contradict the [pro se] Plaintiffs' valid court opinions in their "2nd Reply … (pp.5-6)."  Accordingly, this Court is apprised of how some U. S. Court(s) of Appeals are <u>disciplining lawyers</u> who use [in]valid case citations.
   [*see* enclosed **News Article** – "Lawyer Discipline"]   [*see* "Plaintiffs' **2**nd **Motion & Order for Sanctions …** (p. 4)"]

---

[1] Lawyers have started using false case citations & information generated by "*artificial-intelligence technology*" that can produce text that is convincing but incorrect.

4

II. **Defendants' "*Opposition …*"   (p. 2) -- Refuted:**
Via our 1st 'Motion for Sanctions,' your [pro se] counter-claim Plaintiffs appropriately demanded Penalties against four (4) Defense Attorneys & law firms because Atty. Michael J. Smith violated Supreme Court and Local Rules by refusing to mail the 106-page, redundant 'Motion to Remand' to any of the [pro se] Plaintiffs & offered no proof that he did:'

A. Contrary to Counsel's false assertion, as of April 8, 2024 (date of this filing), the [pro se] counter-claim Plaintiffs have Not received the [106-page] 'Motion to Remand' that Atty. Smith falsely-certified that he postal mailed on Feb. 1, 2024, because intentionally he did not mail it and offered no proof that he did.

B. As proof, the counter-claim Plaintiffs proffered lawful evidence -- undeniable Affidavits (signed, sworn testimony) that we did not receive the 'Motion' that Counsel "*certified*" he had mailed!

C. Since it has been established via Affidavits (sworn testimony) that the six [pro se] Plaintiffs did not receive copies of the "Motion to Remand" that defense counsel falsely "*certified*" were mailed on Feb. 1, 2024, it follows that non-existent pleadings are not/ cannot be signed. These facts prove that counsel repeatedly violated Federal Rules 5, 11(a) & (b) and Local Rule 7. Thus, Federal Rules 11(a) & (c) are applicable. Accordingly:
   - "*… The **court must strike an unsigned paper** …*"
   - "**Court may impose** appropriate **sanctions** upon the **attorneys** and **law firms** that violate" the Rules.

D. Notwithstanding, the culprit Counsel deliberately delayed mailing Defendants' 1st '*Opposition*,' so that the [pro se] Plaintiffs received the pleading on the day before our Reply was due to be filed — March 4, 2024 (after 6:00 pm.): Clearly, Atty. Michael J. Smith did not mail his 1st '*Opposition*' on Feb. 28, 2024, as he falsely "certified" to this Court.

E. Notwithstanding, the culprit Counsel deliberately delayed mailing Defendants' 2nd '*Opposition*,' so that the [pro se] Plaintiffs received the pleading only two (2) days before our Reply was due to be filed — March 16, 2024 (after 6:00 pm.). Some Plaintiffs did not receive it: Clearly, Atty. Smith did not mail the 2nd '*Opposition*' on March 12, 2024, as he falsely "certified" to this Court.

March 14, 2024--The [pro se] Plaintiffs proactively called the Clerk's Office and discovered that defense counsel had filed the instant "Opposition" on March 12, 2024. Thus, we proceeded to Court and obtained it on 3/14/24. Had we waited, we would have been forced to file a 'Motion for Extension of Time' or not reply at all!

F. Notwithstanding, [pro se] Plaintiff Angel did not receive Defense Counsel Katherine Rockwell's instant 3rd '*Opposition*' via "*USPS certified mail*" (as Counsel certified) because intentionally Counsel did not mail it, and offers no proof that she did.

5

III. **Defendants' "*Opposition …*"   (p. 3 ) -- Refuted:**
The [pro se] counter-claim Plaintiffs' 2nd 'Motion for Sanctions,' appropriately demands Penalties against all seven (7) Defense Attorneys & law firms for continuous Obstruction of Justice:'

A. Defense counsel (via their preferred State-court Judge) retaliated by barring Pltf. Angel from "*filing*" in Portsmouth Gen. Dist. Court.  Thus, all *original defendants*' cases cannot be remanded to State court:

   1. Feb.14, 2024—Presiding Judge (Jon M. Babineau, Sr.) mailed a letter and Order (dated Feb 7, 2024) to Plaintiff Angel, prohibiting her from "*filing in Portsmouth Gen. Dist. Court:*"
      
      "*It is hereby Ordered that Joelle Angel shall no longer file any pleadings or causes of action in the Portsmouth General District Court, without first filing with the Chief Judge, a letter … Upon review . . . , Joelle Angel shall be notified by the Clerk of Court as to how to proceed.*"
      
      (*see* Plaintiffs' 2nd '*Opposition…*' **Exhibit F** – Letter from State-court Judge to Pltf. Angel)

   2. The barring 'Order' is decreed by the same former substitute judge (now presiding judge) who proffered a verbal response to the Bill of Particulars in behalf of Def. "Atlantic" on Dec. 19, 2023.              (*see* Plaintiffs' 2nd '*Opposition…*' [p. 4.] **Standard V.**)

B. **All Defense Counsel with State-court Judge are violating United States Law by continuing Proceedings in the Removed Cases, after receiving 'Notice of Removal' to the United States District Court:**

   1. Jan. 18, 2024—Five (5) *original defendants*--Joelle Angel, Cynthia Parker, Kristina Vinson, Samuel Ward and Michael Williams with "required-joined-Party" Rozelynd Bright--removed their State-court actions and filed a class action in the United States District Court.

   2. Jan. 22, 2024—As required, a copy of the 'Notice of Removal' was filed in Portsmouth General District Court.

   3. Feb. 6, 2024—The new State-court Presiding Judge (Jon M. Babineau, Sr.) sent letters to all *original defendants* (except Pltf. Angel), luring them to his pre-scheduled [however, illegal] Feb. 12, 2024 court hearing(s).  The last sentence is highlighted in yellow, confirming his devised plot to lure counter-claim Plaintiffs to [illegal] proceedings.
      (*see* Pltf's.' 2nd '*Opposition…*' [p. 5.] **Exhibit G** – Letters: luring [pro se] Pltfs. to State-court Hearing.)

   4. However, to comply with United States law, the *original defendants* did not attend the [illegal] hearing(s).

   5. Feb.12, 2024—Per public attendees and the Clerk's office, State Judge Babineau conducted the hearing with Defense counsel and "*continued the hearings for Feb. 20, 2024.*"

   6. Feb. 20, 2024—Evidenced by State-court records, the State-court judge conducted [illegal] "*contested hearings*" and [illegally] entered "**default judgments**" against the *original defendants*.  Concurrently, he [illegally] awarded the four (4) *original plaintiffs* (counterclaim defendants)  $ 20,564.59 from each [pro se] Plaintiff.
      (*see* **Exhibit H** – State-court "Case Details")

   7. Since State Court judges and attorneys are trained and sworn to uphold United States law and procedure, mere oversight and innocent error cannot justify the their violations.  Thus, their continuous violations of 28 USC  §§ 1446 and 1927 are deliberate and intentional!

   8. Thus, the [pro se] Plaintiffs request this Court to '**vacate**, overturn, and/ or revoke' the [illegal] State-court judgment(s) and/ or 'direct' the State court to 'reverse' the ruling.

   9. The foregoing obstruction of justice, alone, is grounds for **striking** the 'motion(s) to remand' and ordering **sanctions** on all defense counsel**!!!**

6

IV. **Defendants' "*Opposition …*"** (p. 4) -- **Refuted:**
The Counter-claim Plaintiffs have clearly Established that we <u>are</u> the "*Original Defendants.*" Thus, we are legally Justified (by United States Supreme Court) to Remove our Cases to the U.S. District Court:

---

**United States District Court, E.D. Louisiana.**   Civil Action No. 22-1723   Dec. 8, 2022
St. Luke # 2, LLC. v. Hermes Health Alliance, LLC
Order and Reasons   Sarah S. Vance, United States District Judge

**III. Discussion**
 **A. Removal Under Section 205**
28 U.S.C. § 1441(a) (emphasis added). The Supreme Court held that "**defendant**" as used in Section 1441(a) "**refers only to the part[ies] sued by the original plaintiff**," and not third-party defendants brought into the action by a counterclaim. *Id.* at 1746. The Court explained that this is so, in part, because "the general removal statute permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Id.* The Court went on to explain that the determination of **whether** the **district court would have had original jurisdiction requires courts to view "the action as defined by the plaintiff's complaint."** *Id.* And, " 'the **defendant' to that action is** the defendant to that complaint, **not a party named in a counterclaim**." *Id.*.

---

**United States District Court, M.D. Louisiana.**   Dec. 12, 2023
Ty A. Giurintano v. Michael McGee
Civil Action No. 23-774
**Notice**
Richard L. Bourgeois, Jr., United States Magistrate Judge

**II. Law and Analysis**
 **B. Removal Under 28 U.S.C. § 1441(a)**
  **1. Removal by third-party defendants under Section 1441(a)**
The **Supreme Court has held that a "third-party counterclaim defendant**," which is a party brought into a lawsuit through a counterclaim filed by the original defendant, **may not remove** under Section 1441(a) because it is not a "defendant" to the civil action as a whole. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019). That decision specifically extended the holding in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U. S. 100 (1941), which held that a **counterclaim defendant** who **was** also **original plaintiff could not remove** under Section 1441(a)'s predecessor statute. *Home Depot*, 139 S. Ct. at 1749.

---

A. Accordingly, all Defense counsel have violated United States law and Federal Rule 11(b):
 1. Counsels' fatally defective 'Motion(s) to Remand' were clearly:
    "*presented for an improper purpose, such as to harass,
    cause unnecessary delay, or needlessly increase the cost of litigation*"
    with the ulterior motive to obstruct the counter-claim Plaintiffs' justice.

 2. Clearly, counsels' "**claims, defenses**, and other legal contentions are **Not *warranted by existing law*** or by a nonfrivolous argument for extending, modifying, or reversing existing law."

B. Clearly, the United States Supreme Court does **Not** permit remanding the *original defendants*' cases to State court. Thus, this Court would be in error to do so.

7

**Resolution**

Accordingly, *"to deter repetition of conduct,"* the [pro se] Plaintiffs request the following:

1. Order Defense Counsel Michael J. Smith and other violating defense counsel [William Sleeth III, Matthew D. Meadows, and David L. Dayton] to mail copies of all subsequent pleadings to the [pro se] Plaintiffs via the U.S. Postal Service '**certified mail – return-receipt-requested**' [like other defense counsel choose to do].
2. Order all seven (7) violating Counsel to pay the requested sanctions to this United States District Court's local district <u>or</u> division.

**Justified "Motion for Judgment on the Pleadings"**

Pursuant to Rule 12 (c), the Plaintiffs have appropriately moved this Court for "Judgment on the Pleadings."

## CONCLUSION

WHEREFORE, the [pro se] countersuit Plaintiffs demand that the foregoing sanctions and penalties be imposed against each attorney and law firm because they <u>falsely</u> and <u>intentionally</u> certified to this Court that they mailed a [106-page] 'Motion to Remand' to [pro se] countersuit Plaintiffs, when in fact they did not. Deceptively, they demonstrated their ulterior motive to obstruct and defeat the Plaintiffs' course of justice – to block / stop the Plaintiffs from responding, and they continue to do so. These are blatant and significant violations of the Federal Rules and Rules of the Eastern District of Va.

Additionally, Defense Counsel defrauded their own clients by charging them for fictitious copies and postage that do not exist. Defense counsel and the law firms severely injured the counter-claim Plaintiffs and their own clients and lied to this Court with the ulterior motive of obstructing [pro se] justice! In the furtherance of Justice and *"to deter repetition of the conduct,"* we demand this Court to:

- **sanction** and **penalize** Defense Counsel and the law firms!!!

Accordingly, this Court must:
- **deny** and **strike** the fatally-defective instant and former 'Opposition(s)' and attached 'Orders,' since they violate Federal Rules 11 (c 1) and (c 3).
- **deny** and **strike** both 'motions to remand.'
- **vacate** the [illegal] State-court judgment.
- **enter judgment** on the pleadings, according to Plaintiffs' "Relief" requested.

---

**Affidavit Declaration**
**28 USC § 1746   Unsworn Declarations under Penalty of Perjury**
We swear (affirm) under penalty of perjury that the statements made in this <u>Plaintiffs' REPLY to: *Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings* & *Motion to Vacate        State-court Judgment*</u> [Affidavit]   are true and correct to the best of our knowledge.

+

+           +

8

Respectfully Submitted, this **8th** day of **April**, A.D. (Year of our LORD) 2024.

By *(signature)* (Pro se)
Joelle Joy **Angel**
1631 Darren Circle
Portsmouth, VA 23701
(434) 532-2682

*(signature)* (Pro se)
Dana **Bassett**
1582 Darren Circle
Portsmouth, VA 23701
(757) 636-5059

*(signature)* (Pro se)
Jeffrey **Bassett**
1582 Darren Circle
Portsmouth, VA 23701
(757) 636-5076

*(signature)* (Pro se)
Rozelynd **Bright**
4652 Greenwood Dr.
Portsmouth, VA 23701
(757) 465-7070

*(signature)* (Pro se)
Cynthia **Parker**
1625 Darren Circle
Portsmouth, VA 23701
(757) 606-4931

*(signature)* (Pro se)
Kristina **Vinson**
1657 Darren Circle
Portsmouth, VA 23701
(757) 237-9369

*(signature)* (Pro se)
Samuel **Ward**
1570 Darren Circle
Portsmouth, VA 23701
(757) 465-2332

*(signature)* (Pro se)
Michael **Williams**
4652 Greenwood Dr.
Portsmouth, VA 23701
(757) 690-3269

**X** Plaintiffs          ___ Plaintiffs' Attorney

## Ghostwriting Certificate

We certify that we did not receive help from an attorney (on this earth) in preparing this document, only *GOD the righteous Judge*. (Psalm 7:11; John 7:24).

---

## Certificate of Service

We certify that the Plaintiffs' REPLY to: *Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings & Motion to Vacate State-court Judgment*." [Affidavit] was delivered to the Clerk of Court.

We certify that a copy of the Plaintiffs' REPLY to: *Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings & Motion to Vacate State-court Judgment*" [Affidavit] will be electronically delivered to the Defendants or Counsel for Defendants:

Michael J. Smith, Esq.
**Kiernan Trebach,** LLP
    1233 20th Street NW (8th floor)
    Washington, DC  20036

    Mjsmith.dc@kiernantrebach.com
    for: **Charlestowne Condominium Association,** Inc.

Rodney D. Malouf, Esq.
**Smink, Thomas & Associates,** PC.
    dba  Thomas, Adams & Associates, P.C.
    4176 S. Plaza Trail (Suite 128)
    Virginia Beach, VA  23452

    Rodney@talawgroup.com
    for: **Smink, Thomas & Assoc.,** P.C.

Michael D. Pierce & Katherine M. Rockwell, Esqs. Esqs.
**O'Hagan Meyer,** PLLC
    411 E. Franklin  St. (Suite 500)
    Richmond, VA  23219

    Mpierce@ohaganmeyer.com
    Krockwell@ohaganmeyer.com
    for:  **Atlantic Community Management,** Corp.

William Sleeth, III  & Matthew D. Meadows,

**Gordon  Rees Scully Mansukhani,** LLP.
    5425 Discovery Park Blvd. (Suite 200)
    Williamsburg, VA  23188

    Wsleeth@grsm.com
    Mmeadows@grsm.com
    for:  **AMAG, LLC**

David L. Dayton, Esq.
**Kalbauth Pfund & Messersmith,** P.C.
    555 E. Main Street     (Suite 1200)
    Norfolk, VA  23510

    David.dayton@kpmlaw.com
    Co-Counsel: **Charlestowne, AMAG, & Atlantic**

this _____8th_____ day of _____April_____, **A.D. (Year of our LORD)** 2024

By _____*Joelle Joy Angel*_____
    (Pro se)
    Joelle Joy Angel, et. al
    1631 Darren Circle
    Portsmouth, VA 23701
    (434) 532-2682

__X__ Plaintiffs     _____Plaintiffs' Attorney